IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRY VILLERS, on behalf of himself and others similarly situated, | ) ) ) CASE NO. |
| Plaintiff, | ) ) JUDGE ) |
| v. | ) **CLASS AND COLLECTIVE ACTION** ) **COMPLAINT** |
| OVERHEAD DOOR CORPORATION, | ) ) **JURY DEMAND INCLUDED HEREON** |
| Defendant. | ) ) |

Plaintiff Jerry Villers ("Representative Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant Overhead Door Corporation ("Defendant") seeking unpaid overtime wages and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, Representative Plaintiff alleges as follows:

**PARTIES**

1. Representative Plaintiff is an adult resident of Wayne County, Ohio. Representative Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form is attached hereto as **Exhibit A**.

2. Representative Plaintiff was employed by Defendant from approximately 2015 through February 2022, as an hourly, non-exempt production employee.

3. Representative Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of himself and on behalf of the following collective class of employees:

> All current and former hourly, production employees employed by Defendant who performed welding duties and who worked in excess of 40 hours per week at any time from three years prior to the filing of this Complaint through final disposition of this matter ("FLSA Class Members").

4. Representative Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 and the OMFWSA on behalf of himself and on behalf of the following class of employees:

> All current and former hourly, production employees employed by Defendant in Ohio who performed welding duties and who worked in excess of 40 hours per week at any time from three years prior to the filing of this Complaint through final disposition of this matter ("Ohio Class Members").

5. Representative Plaintiff, the FLSA Collective members and the Ohio Class members regularly more than 40 hours per workweek.

6. At all relevant times, Representative Plaintiff, the FLSA Collective members and the Ohio Class members were employed by Defendant as hourly, non-exempt production employees.

7. Representative Plaintiff and the FLSA Collective members are covered employees within the meaning of the FLSA.

8. Representative Plaintiff and the Ohio Class Members are covered employees within the meaning of the OMFWSA.

9. Defendant is an Indiana for-profit corporation that conducts business in Ohio. Defendant can be served through its registered agent: C T Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

10. Defendant manufacturers residential and commercial garage doors.

11. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

12. At all relevant times, Defendant was an "enterprise" within the meaning of the FLSA and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

13. At all relevant times, Defendant's gross annual sales volume has been in excess of $500,000.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

16. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this district a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## FACTUAL ALLEGATIONS

17. At all relevant times, Defendant employed Representative Plaintiff, the FLSA Collective members and the Ohio Class members as hourly, non-exempt production employees.

18. At all relevant times, Representative Plaintiff, the FLSA Collective members and the Ohio Class members performed welding duties as part of their job.

19. At all relevant times, Representative Plaintiff, the Collective Class members and the Ohio Class members worked more than 40 hours per workweek.

20. Representative Plaintiff, the FLSA Collective members and the Ohio Class members were not paid all of the overtime compensation they earned as a result of Defendant's

companywide (1) improper time clock rounding practice and (2) failure to pay for time they spent retrieving their personal protective equipment and welding equipment.

21. Specifically, even though Defendant's electronic timekeeping system tracks the exact minute its hourly employees clock in, Defendant has a uniform companywide policy that rounds its employees' punch in and out times to the nearest quarter hour. Defendant also has a uniform companywide policy that prohibits its hourly employees from (1) punching in more than 7 minutes before the start of their shifts and (2) more than 7 minutes after the end of their shifts. This uniform companywide policy has the net effect of almost always undercompensating Defendant's hourly employees, including Representative Plaintiff, the FLSA Collective members and the Ohio Class members for their hours worked. As a result, Representative Plaintiff, the FLSA Collective members and the Ohio Class members were not paid all of their overtime compensation in violation of the FLSA and the OMFWSA.

22. In addition, Representative Plaintiff, the FLSA Collective members and the Ohio Class members were required to retrieve certain welding personal protective equipment (i.e., welding helmet and leathers) and welding equipment (i.e., grinding discs, welding wire) before they clocked in so that they could be ready to begin their work promptly at their shift start time. Defendant did not compensate Representative Plaintiff, the FLSA Collective members or the Ohio Class members for the time they spent retrieving this equipment. As a result, Representative Plaintiff, the FLSA Collective members and the Ohio Class members were not paid all of their overtime compensation in violation of the FLSA and the OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

23. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> All current and former hourly, production employees employed by Defendant who performed welding duties and who worked in excess of 40 hours per week at any time from three years prior to the filing of this Complaint through final disposition of this matter ("FLSA Collective").

25. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

26. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

27. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

### CLASS ACTION ALLEGATIONS
### (Ohio Class)

28. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> All current and former hourly, production employees employed by Defendant in Ohio who performed welding duties and who worked in excess of 40 hours per week at any time from two years prior to the filing of this Complaint through final disposition of this matter ("Ohio Class Members").

30. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

31. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendant fail to pay Representative Plaintiff and other class members all overtime pay due to them?

> Did Defendant keep adequate records of the hours worked by Representative Plaintiff and the other class members?

32. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other class members.

33. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and

predominate over any questions affecting only individual class members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

36. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Representative Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

38. Defendant is an "employer" as that term is defined in the FLSA.

39. Representative Plaintiff and the FLSA Collective members are "employees" as that term is defined in the FLSA.

40. The FLSA requires that non-exempt employees be paid overtime compensation at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

41. Defendant failed to pay Representative Plaintiff and the FLSA Collective members all of their overtime compensation.

42. Specifically, Defendant failed to pay Representative Plaintiff and the FLSA Collective members all of their overtime compensation as a result of Defendant's: 1) improper time clock rounding practice and (2) failure to pay for time spent retrieving their personal protective equipment and welding equipment improper time clock rounding policy.

43. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective members overtime compensation.

44. Defendant's failure to pay Representative Plaintiff and the FLSA Collective members all of their overtime compensation was a willful violation of the FLSA.

45. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

46. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Representative Plaintiff brings this claim for violation of the OMFWSA on behalf of himself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

48. Defendant is an "employer" as that term is defined in the OMFWSA.

49. Representative Plaintiff and the Ohio Class members are "employees" as that term

is defined in the OMFWSA.

50. The OMFWSA requires that non-exempt employees be paid overtime compensation at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

51. Defendant failed to pay Representative Plaintiff and the Ohio Class members all of their overtime compensation.

52. Specifically, Defendant failed to pay Representative Plaintiff and the Ohio Class members all of their overtime compensation as a result of Defendant's: 1) improper time clock rounding practice and (2) failure to pay for time spent retrieving their personal protective equipment and welding equipment improper time clock rounding policy.

53. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective members, and the Ohio Class members;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective members, and the Ohio Class members in the amount of their unpaid overtime;

E. Award liquidated damages to Representative Plaintiff and the FLSA Collective members in an amount equal to their unpaid overtime;

F. Award Representative Plaintiff, the FLSA Collective members, and the Ohio Class members pre-judgment and post-judgment interest at the statutory rate; and

G. Award Representative Plaintiff their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher St. N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

                                           */s/ Shannon M. Draher*
                                           Shannon M. Draher

                                           *Counsel for Representative Plaintiff*