**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JERRY VILLERS, on behalf of himself and others similarly situated** | CASE NO. 5:22-CV-1013 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| **OVERHEAD DOOR CORPORATION,** | |
| Defendant. | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Jerry Villers ("Plaintiff"), and Defendant, Overhead Door Corporation ("Defendant"), jointly and respectfully move this Court to approve the settlement reached by the parties and memorialized in the Settlement Agreement and Release ("Settlement Agreement"). The settlement contemplates payment to the Plaintiff for his purported Fair Labor Standards Act ("FLSA") and Ohio Fair Minimum Wage Standards Act ("OFMWSA") damages and provides for payment to the Plaintiff's counsel for attorneys' fees and litigation costs incurred in the prosecution of this lawsuit.

This settlement will resolve bona fide disputes involving wage and overtime compensation under the FLSA and OFMWSA regarding Plaintiff. Plaintiff alleges that Defendant failed to pay him overtime for time spent gathering and collecting personal protective equipment and welding equipment and for improper rounding practices. Defendant denies those claims and was prepared to present evidence that personal protective equipment and welding equipment were stored at the employees' work-stations and were accessed after employees

03455080-3 / 000014-090006

clocked in, and that all rounding practices comply with federal regulations and such practices are set up in such a way that it benefits employees, as well as the employer.

The parties respectfully submit that the settlement is fair and reasonable and satisfies the criteria for approval under Section 216(b) of the FLSA. This case was a contested litigation of a bona fide dispute, and the settlement was achieved through diligent and thorough calculation and negotiation between the parties. If approved by this Court, the settlement will result in a fair and reasonable settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following: Exhibit A - Settlement Agreement and Release, Exhibit B – Declaration of Hans Nilges, and Exhibit C – Proposed Order Approving Settlement and Dismissing Case with Prejudice.

The following explains the nature of the action, the negotiations, the principal terms of the settlement, and the propriety of approving the settlement.

I.     **THE ACTION**

On June 13, 2022, Plaintiff commenced this action against Defendant, captioned *Jerry Villers, Plaintiff, v. Overhead Door Corporation, Defendant*, Case No. 5:22-CV-01013 (the "Lawsuit" or the "Action") in the United States District Court for the Northern District of Ohio (the "Court"), alleging overtime violations under the FLSA and OFMWSA. In the action, Plaintiff alleges that Defendant failed to properly pay him for time allegedly spent gathering welding and personal protective equipment and due to inappropriate rounding practices. Defendant filed its Answer to the Complaint on July 27, 2022, denying liability or wrongdoing of any kind and has asserted that Plaintiff was compensated properly for all hours worked in accordance with the FLSA and Ohio law. Defendant specifically has claimed that all welding and personal protective equipment was stored at the Plaintiff's work area and was gathered after

Plaintiff clocked in, and that all rounding practices are in compliance with federal regulations and work to benefit both employees and Defendant.

## II.    **THE NEGOTIATIONS**

While the parties did not engage in formal discovery, Defendant provided to Plaintiff's counsel extensive timekeeping and payroll records regarding Plaintiff, as well as provided other information and answered questions regarding policies and practices of Defendant and Plaintiff. Information provided allowed counsel to have the opportunity to review and analyze all relevant information, and thereafter, settlement negotiations commenced. Although Defendant continues to deny any unlawful conduct or wrongdoing, the parties negotiated in good faith and reached a resolution that reflects a compromise which fully considers the respective claims and defenses, as well as any other claims the parties may have against one another.

## III.    **THE SETTLEMENT TERMS**

A total settlement payment of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) for Plaintiff's FLSA, OFMWSA, and all other potential claims against Defendant (except claims for workers' compensation benefits), shall be made to Plaintiff as outlined in the Settlement Agreement. The parties negotiated this amount by considering the total range of potential damages and asserting their respective positions on the facts and law. If approved by the Court, this settlement will resolve all issues between the Plaintiff and Defendant, except claims that Plaintiff may have regarding workers' compensation benefits. If approved, the parties have agreed that the lawsuit will be dismissed with prejudice.

## IV.    **PROPRIETY OF APPROVAL**

The settlement is subject to approval by the Court pursuant to Section 216(b) of the FLSA. As explained below, Court approval is warranted.

A.    <u>The Settlement is a Fair Resolution of a Bona Fide Dispute.</u>

"In reviewing the settlement of a plaintiff's FLSA claims, the District Court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Hane v. On Time Securing, Inc.*, No. 5:16-cv-2002, 2018 U.S. Dist. LEXIS 146305, at *3-4 (N.D. Ohio Aug. 28, 2018) (quoting *Rotuna v. W. Customer Mgmt. Grp. LLC,* No. 4:09-cv-1608, 2010 U.S. Dist. LEXIS 58912, at *5 (N.D. Ohio June 15, 2010). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Id.* at §4.

Here there is a bona fide dispute between the parties, including whether Plaintiff was properly compensated for all hours worked, which Plaintiff alleges and Defendant denies. (Nilges Decl. ¶ 11).   ¶The parties, through their legal counsel, have informally exchanged documents and information about Plaintiff's claims and Defendant's defenses and Defendant continues to dispute the merits of Plaintiff's claims. (*Id.* at ¶ 13).  Further, the amount of the settlement is fair, reasonable and adequate, and represents all of what Plaintiff could have recovered in the event he prevailed in this lawsuit.  In fact, the payment to Plaintiff represents more than 100% of his alleged unpaid overtime. (*Id.* at ¶ 14).  Plaintiff's attorneys' fees, and litigation expenses  have also been considered in the settlement, as a portion of the settlement has been allocated for same, as reflected in the Settlement Agreement. Given these considerations, the parties respectfully submit that the Court should approve the Settlement Agreement.

Additionally, public interest favors approval because the settlement reflects a reasonable compromise over disputed issues, and results in prompt and adequate compensation to Plaintiff without the inherent risks and costs of litigation, and the uncertainty of whether any award would be later secured through trial. Approval of the settlement encourages settlement of litigation and

saves the parties substantial time and expense. Accordingly, the factors considered by the Court are satisfied and Settlement should be approved.

        B.    <u>The Court should approve the requested attorney's fees and costs.</u>

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing Plaintiff with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984)).

An attorneys' fee award must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "A reasonable fee is one that is 'adequate to attract competent counsel but . . . [does] not produce windfalls to attorneys.'" *Id.*; *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). "[T]he lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Rembert*, 986 F.3d at 616 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)). The Supreme Court observed that the lodestar figure "includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee[.]" *Rembert*, 986 F.3d at 616 (citing *Perdue*, 559 U.S. at 553).

"There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages." *Brim v. Assurant, Inc*., No. 3:21-cv-221, 2022 U.S. Dist. LEXIS 114735, at *2 (S.D. Ohio June 27, 2022)(approved settlement of $2,500, and fees and costs of $7,000); *Long v. Prestige Audio Visual, Inc.*, No. 1:19-cv-00041, Dkts. 16-17 (S.D. Ohio) (approving fees of $12,500, with approximately $18,596.05 in estimated damages); *Rapp v. Axt Home Care LLC et al*., No. 1:21-cv-00420, Dkts. 28-29 (approving fees of $15,735.00, with $8,384.00 in estimated damages).

Additionally, "[n]either the text nor the purpose" of the FLSA "supports imposing a proportionality limit on recoverable attorneys' fees." *Rembert*, 986 F.3d at 617 (citing *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020)). "The very reason that the FLSA . . . mandate an award of reasonable fees to prevailing plaintiffs is that the monetary value of their claims is often too small to support the cost of litigating them." *Rembert*, 986 F.3d at 617; *Schraufl v. Riverside Local Sch. Dist*., No. 1:19-CV-00175, 2019 U.S. Dist. LEXIS 242269, at *3 (N.D. Ohio Apr. 1, 2019) (citing, *Perrin v. John B. Webb & Assocs*., No. 6:04-cv-399-Orl-KRS, 2005 U.S. Dist. LEXIS 35473, at *11-12 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). "In determining fee awards, courts should not 'become green-eyeshade accountants[,]' but instead must content themselves with 'rough justice[.]'" *Rembert*, 986 F.3d at 618 (further citations and quotations omitted). Accordingly, "[w]hen the maximum recovery for an employee is relatively small because the unpaid overtime is relatively minor, an attorney may reasonably recover more than the employee." *Thompson v. United Stone, LLC*, No. 1:14-cv-224-CLC-SKL, 2015 U.S. Dist. LEXIS 24741, at *5 (E.D. Tenn. Feb. 9, 2015) (citing *Perdomo v.*

*Sears, Roebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 U.S. Dist. LEXIS 20881, 1999 WL 1427752, at *10 (M.D. Fla. Dec. 3, 1999).

Plaintiff's Counsel took this case on a contingency basis only. As such, they have not been compensated for any time or expenses since the litigation began, but they were prepared to invest their time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. As of this filing, Plaintiff's counsel's fees are $5,105. Costs to date are $507.14. The requested fee of $3,750 is less than Plaintiff's counsel's lodestar.  (Nilges Decl. ¶¶ 15-16).

Defendants do not oppose the payment of attorneys' fees and costs. Accordingly, reasonable attorneys' fees and litigation expenses s should be approved as provided in the settlement agreement.

V.    **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court approve the parties' settlement as a fair and reasonable disposition of the claims and defenses asserted in this action; and approve the Settlement Agreement and Release, payment of attorneys' fees and litigation expenses, and other terms as set forth in the Settlement Agreement, and dismiss Plaintiff's claims with prejudice, by entering the proposed Stipulated Order Approving Settlement submitted contemporaneously herewith. The parties further request that this Court retain jurisdiction over this matter to enforce the terms of the settlement.

Respectfully submitted,

*s/ Karen Soehnlen McQueen*
Karen Soehnlen McQueen (0016883), and
Marcus L. Wainwright (0078353), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
kmcqueen@kwgd.com; mwainwright@kwgd.com

ATTORNEYS FOR DEFENDANT,
OVERHEAD DOOR CORPORATION

 *s/ Hans S. Nilges*
Hans S. Nilges
NILGES DRAHER, LLC
7034 Braucher Street NW, Ste. B
North Canton, Ohio 44720
hans@ohlaborlaw.com
ATTORNEY FOR PLAINTIFF,
JERRY VILLERS

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September 2022, a copy of the foregoing *Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

*s/ Karen Soehnlen McQueen*
Karen Soehnlen McQueen (0016883)
Marcus L. Wainwright (0078353), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
ATTORNEYS FOR DEFENDANT
